1
2
3
4
5
6
7
8                           **UNITED STATES DISTRICT COURT**
9                               **DISTRICT OF NEVADA**
10

11   RICHARD BANDA,                           Case No. 2:19-cv-00989-KJD-VCF
12              Petitioner,                    **ORDER**
13        v.
14   HIGH DESERT STATE PRISON, et al.,
15              Respondent.
16

17   **I.       Introduction**

18        This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court is the

19   motion for equitable tolling due to COVID-19 of petitioner, Richard Banda.  ECF No. 15.

20   Respondents have filed an opposition.  ECF No. 18.  Banda has filed a reply.  ECF No. 19.  The

21   court denies the motion because under the court's calculations, explained below, the one-year

22   limit under 28 U.S.C. § 2244(d)(1) already expires after the equitably tolled deadline that Banda

23   proposes.

24        Banda also has filed a motion for leave to file second amended petition.  ECF No. 20.

25   Respondents have filed an opposition.  ECF No. 21.  Banda has filed a reply.  ECF No. 22.  The

26   court grants the motion for the reasons stated later in this order.

27        Finally, Banda has filed a motion for leave to file notice of supplemental authority.  ECF

28   No. 23.  This motion is in support of his motion for equitable tolling.  Respondents have filed a

motion for enlargement of time to respond to Banda's motion.  ECF No. 25.  Both motions are moot because the court is denying the motion for equitable tolling.

**II.    Background**

After a jury trial in the Eighth Judicial District Court, Banda was convicted of one count each of burglary, assault with a deadly weapon, and possession of a controlled substance.  Ex. 16 (ECF No. 17-16).  Banda appealed.  The Nevada Supreme Court affirmed on July 31, 2018.  Ex. 21 (ECF No. 17-21).

Banda then filed a post-conviction habeas corpus petition in the state district court, on September 21, 2018.  Ex. 24 (ECF No. 17-24).  The state district court denied the petition on April 22, 2019.  Ex. 26 (ECF No. 17-26).  Banda filed a notice of appeal on May 6, 2019.  Ex. 27 (ECF No. 17-27).  The Nevada Supreme Court dismissed the appeal on July 12, 2019.  Ex. 28 (ECF No. 17-28).  Remittitur issued on August 6, 2019.  Ex. 29 (ECF No. 17-29).

The court takes judicial notice of the on-line dockets of the Eighth Judicial District Court, Case No. A-18-781327-W[1] and C-17-322402-1,[2] and the Nevada Supreme Court and Nevada Court of Appeals, Case No. 78752[3] and 80329 & 80329-COA.[4]  Banda filed a second state post-conviction habeas corpus petition on August 8, 2019.  The state district court denied the petition on December 23, 2019.  Banda appealed.  The Nevada Supreme Court transferred the case to the Nevada Court of Appeals, where it is pending at the time of this order.

Banda mailed his initial federal habeas corpus petition under 28 U.S.C. § 2254 to this court on June 7, 2019.  ECF No. 5.  The court appointed the Federal Public Defender to represent Banda, and gave Banda leave to file an amended petition.  ECF No. 8.  The court set May 22, 2020 as the deadline to file an amended petition.  ECF No. 14.  Banda filed a first amended petition on April 22, 2020.  ECF No. 16.

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11898942.  All docket reports were generated on May 20, 2020).
[2] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11764445
[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=55404
[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57658&combined=true

1  **III.    Legal Standard**

2          A person has one year from the date the state-court judgment of conviction became final

3  to file a federal habeas corpus petition under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1)(A).

4  Section 2244(d)(1) has other possible dates of accrual, but none of them are applicable to this

5  action.  If the judgment is appealed, then it becomes final when the Supreme Court of the United

6  States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari

7  expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R. 13(1).

8          Any time spent pursuing a properly filed application for state post-conviction review or

9  other collateral review does not count toward this one-year limitation period.  28 U.S.C.

10  § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final

11  upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  A

12  prior federal habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533

13  U.S. 167, 181-82 (2001).

14          Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645

15  (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

16  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

17  prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).

18          The petitioner effectively files a federal petition when he delivers it to prison officials to

19  be forwarded to the clerk of the court.  Rule 3(d), Rules Governing Section 2254 Cases in the

20  United States District Courts.

21  **IV.    Discussion**

22          **A.    The one-year limit does not appear to expire until August 6, 2020**

23          Banda's judgment of conviction became final on October 29, 2018, when the time to

24  petition the Supreme Court of the United States for a writ of certiorari expired.  Banda already

25  had filed his first state post-conviction on September 18, 2018.  Ex. 24 (ECF No. 17-24).

26  Consequently, the one-year limit was tolled immediately upon its start, with no time having run.

27  The tolling would appear to end, and the one-year limit would appear to resume, after the Nevada

28

3

1    Supreme Court issued its remittitur on August 6, 2019.  Ex 29 (ECF No. 17-29).  The one-year

2    limit thus appears to expire at the end of August 6, 2020.

3    **B.    Petitioner states that the one-year limit expires on May 22, 2020**

4          However, Banda states that the one-year limit expires on May 22, 2020, the same as the

5    court-set deadline for filing an amended petition.  ECF No. 15 at 2 & n.3.  Banda does not explain

6    how he calculated that deadline.  To attempt to discern Banda's reasoning, the court has examined

7    the exhibits filed in this action and the judicially noticed state-court dockets.

8          **1.    The Nevada Supreme Court did not affirm, but dismissed the appeal**

9          The first thing that the court noticed was that the Nevada Supreme Court did not affirm

10   the denial of the first state post-conviction habeas corpus petition.  Instead, it dismissed the

11   appeal.  Ex. 28 (ECF No. 17-28).  The Nevada Supreme Court stated:

12   > Appellant filed a notice of appeal on May 6, 2019.  The notice of appeal fails to
     > identify any decisions of the district court. . . .  To the extent that appellant appeals
13   > from the order denying a "motion for an order to grant evidentiary hearing," no
     > statute or court rule provides for an appeal from such an order. . . .  To the extent
14   > that appellant appeals from the order denying a motion to modify sentence entered
     > on January 14, 2019, the notice of appeal was untimely filed.
15

16   Ex. 28 at 1 (ECF No. 17-28 at 2) (citations omitted).  It appears that the appeal was dismissed for

17   procedural reasons.  If the appeal was not properly filed, then time spent on the appeal was not

18   tolled under 28 U.S.C. § 2244(d)(2), and tolling would have ended when the time to file an appeal

19   expired on May 22, 2019, thirty days after the state district court issued its notice of entry of order

20   on April 22, 2019.  <u>See</u> Nev. Rev. Stat. § 34.575 (thirty days to file notice of appeal after issuance

21   of notice of entry of order).  The federal one-year limit then would expire on May 22, 2020.

22   **2.    The peculiarities of the Nevada Supreme Court's decision**

23         The Nevada Supreme Court's order is peculiar based upon Banda's exhibits.  The Nevada

24   Supreme Court first criticizes Banda for not designating the district court order that he was

25   appealing.  Ex. 28 at 1 (ECF No. 17-28 at 2).  Then the Nevada Supreme Court appears to

26   examine the district court's docket for any appealable orders.  <u>Id.</u>  An order denying Banda's

27   request for an evidentiary hearing was not appealable.  <u>Id.</u>  The time to appeal the order denying

28   the motion to modify sentence had expired before Banda filed his notice of appeal.  <u>Id.</u>  However,

4

the Nevada Supreme Court did not mention the order denying the first state post-conviction

habeas corpus petition. That state district court issued its notice of entry of order on April 22,

2019. Ex. 26 (ECF No. 17-26). That decision is appealable, and Banda needed to file a notice of

appeal within 30 days of the issuance of the notice of entry of the order. Nev. Rev. Stat.

§ 34.575. Banda did file a timely notice of appeal on May 6, 2019. Ex. 27 (ECF No. 17-27).

The Nevada Supreme Court appeared to overlook the order denying the petition.

### 3. Procedures for filing state post-conviction habeas corpus petitions

#### a. What the law states

In Nevada, a petitioner who is challenging the validity of a conviction or a sentence must

file a post-conviction habeas corpus petition with the clerk of the district court for the county

where the conviction occurred. Nev. Rev. Stat. § 34.738(1). The clerk of the court must open a

new action that is separate and distinct from the underlying criminal action, file the criminal

action's record with the petition, and, if possible, assign the petition to the original judge or court.

Nev. Rev. Stat. § 34.730(3). The new-action rule has been the law since 1991.

#### b. The Eighth Judicial District Court has changed its practices

In this court's experience, until a few years ago the Eighth Judicial District Court had a

practice different from what the statute says. If a person sent a post-conviction habeas corpus

petition that challenged the validity of a judgment of conviction to the Eighth Judicial District

Court, then the clerk of that court, instead of opening new actions, would file the petition in the

underlying criminal action. For example, the case numbers on the title page of a state-court

appellate brief attached to the petition in Perez v. Attorney General, Case No. 2:18-cv-02077-

KJD-VCF, ECF No. 1 at 10, indicate that the state post-conviction habeas corpus petition was

filed in the underlying criminal action. Later in the brief, counsel for Perez states that the post-

conviction petition was filed on January 5, 2016. Id. at 18.

That practice changed recently, and, for the purpose of this case, on or before September

21, 2018. The clerk of the Eighth Judicial District Court now follows the statutory guidelines,

opening a new civil action for a post-conviction habeas corpus petition. If notice of this change

in practice has been released to the public, then this court has been unable to find it. Likewise, if

specific notice of the new case number was sent to Banda, then this court has been unable to find it in the state-court dockets of Banda's cases.  It appears likely that Banda and any other inmates who were helping him were unaware of the change.

### 4.    Banda's first state petition fell into a crack with the new practice

When Banda completed the state post-conviction petition form, he wrote his criminal case number, C-17-322402-1, on the upper left of the first page.  Ex. 24 (ECF No. 17-24 at 2).  Somebody, probably the state district court clerk, crossed out that number and wrote a civil case number, A-18-781327-W, in the upper right of the first page.  Id.  The order denying the petition and the notice of entry of the order used the civil case number.  Ex. 26 (ECF No. 17-26 at 2, 3).  When Banda filed his notice of appeal, he wrote the criminal case number on the form.  This time, the state district court clerk did not correct the error.

The court has examined the docket of the Nevada Supreme Court, Case No. 78752.  Document number 19-20512,[5] filed on May 10, 2019, contains the notice of appeal, the case appeal statement, the docket sheet, and the court minutes for the criminal action, Case No. C-17-322402-1.  The only mention of a related case is a small note on the first page of the docket sheet, stating that Case No. A-18-781327-W is a writ related case.  Nothing in the body of the docket sheet of Case No. C-17-322402-1 states either that a post-conviction habeas corpus petition was filed in another case or that the petition was denied.  Looking at this docket sheet, it would be easy to conclude, as the Nevada Supreme Court did, that Banda either was trying to appeal either a non-appealable order or an appealable order too late.

### 5.    If the appeal was not properly filed, then equitable tolling is warranted

If the appeal was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2), then the court finds that equitable tolling is warranted.  This is not simply a matter of Banda writing the wrong case number on a document.  The state district court changed its long-standing practice of conducting post-conviction proceedings in the underlying criminal case.  Counsel for Banda does not seem to have noticed this change, because in the index of exhibits counsel used the

---

[5]
http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=55404&csIID=55404&deLinkID=717147&onBase DocumentNumber=19-20512

1   criminal case number, not the post-conviction habeas corpus case number, for the state post-

2   conviction documents filed in the state district court.  ECF No. 17 at 3.  This court noticed the

3   change in practice when it saw that the case number on the order denying the state petition was

4   different from the case number in the index of exhibits.  Indeed, soon after Banda commenced

5   this action, the court preliminarily reviewed the state-court dockets for timeliness issues and did

6   not notice the change in practice then.  The state district court clerk might not have noticed that

7   Banda was trying to appeal the denial of the post-conviction habeas corpus petition, because

8   Banda was litigating other post-conviction motions simultaneously, and those were filed in the

9   criminal action.

10          This appears to be an unintentional, extraordinary circumstance that prevented Banda

11   from knowing that he had a procedural problem with his appeal until after the post-conviction

12   proceedings had concluded.  Under the circumstances, equitable tolling would be warranted at

13   least until the Nevada Supreme Court issued its remittitur on August 6, 2019, making the federal

14   one-year limit expire at the end of August 6, 2020.

15          The problem seems to have been corrected.  Banda's current appeal before the Nevada

16   Appellate Courts, Case No. 80329 & 80329-COA, refers to both the criminal action and the post-

17   conviction habeas corpus action.  The records of both actions are in the appellate courts' docket.

18   If a person files a notice of appeal of an appealable order, it appears that the new practice has

19   solidified enough that the appellate courts will not think that a person is appealing nothing.

20          **C.       The court will deny the motion for equitable tolling**

21          Whether by giving Banda the full benefit of statutory tolling or by giving him equitable

22   tolling due to the confusion in filing his appeal from the denial of the first state petition, the

23   federal one-year limit expires at the end of August 6, 2020.  In his current motion, Banda asks for

24   equitable tolling due to the COVID-19 pandemic up to and including August 3, 2020.  Granting

25   the motion is unnecessary, because the one-year limit already expires after the date that Banda

26   requests.

27

28

1    **D.      Banda's motion for leave to file a notice of supplemental authorities is moot**

2        Banda asks for leave to file a notice of supplemental authorities in support of his motion

3    for equitable tolling.  ECF No. 23.  This motion is moot because his request for equitable tolling

4    is unnecessary.

5        **E.      Respondents' motion for enlargement of time is moot**

6        Respondents have filed a motion for enlargement of time to respond to Banda's motion for

7    leave to file a notice of supplemental authorities.  ECF No. 25.  Respondents' motion is moot

8    because Banda's motion is moot.

9        **F.      The court will grant Banda's motion for leave to file a second amended**

10   **petition**

11       Finally, before the court is Banda's motion for leave to file a second amended petition for

12   a writ of habeas corpus.  ECF No. 20.  Respondents oppose the motion, but they do not persuade

13   the court.  It is common practice for the Federal Public Defender, when faced with an imminent

14   expiration of the one-year limit, to file an amended petition and then ask for leave to file a second

15   amended petition.  That way, claims in the otherwise untimely second amended petition might

16   relate back to the claims in the first amended petition.  The court often grants such requests, as

17   Banda notes in his reply.  See ECF No. 22 at 2.  In so doing, the court necessarily dispenses with

18   the requirement in Local Rule 15-1(a) that a petitioner attach a copy of the proposed amended

19   petition to the motion for leave to amend, because the point of the procedure is to give a petitioner

20   additional time to develop his claims for relief.  As it happens, this procedure is unnecessary in

21   this case, because the court has concluded that the one-year limit will not expire until August 6,

22   2020.  Nevertheless, the court should freely grant leave to amend in the interests of justice.  Fed.

23   R. Civ. P. 15(a)(2).  The court already gave Banda leave to file an amended petition.  Were it not

24   for the confusion over Banda's state post-conviction appeal, he probably would not have filed his

25   first amended petition (ECF No. 16) when he did.  Due to the COVID-19 pandemic, he probably

26   would be asking for as much time as possible to file the amended petition, and the court would be

27   granting those requests.  For those reasons, the court grants his motion for leave to file a second

28   amended petition.

1    Part of respondents' argument concerns the availability of state-court on-line dockets.

2 ECF No. 21 at 3. Respondents note that the dockets of the criminal case, C-17-322402-1, and the

3 post-conviction habeas corpus case, A-18-781327-W, are on-line. That is true, but the documents

4 themselves are not available, at least on the Clark County Courts' publicly available web site.

5 Respondents also note that dockets of Banda's direct appeal and post-conviction appeals, Case

6 No. 73946, 78752, and 80329 & 80329-COA, are available on-line. That is true, and some

7 documents are available, but not all. Appellate appendices now are available on-line, except for

8 sealed documents.[6] For example, in Case No. 80329 & 80329-COA, portions of the district

9 court's record are filed under seal and unavailable. Counsel for Banda actually can do more

10 investigation on-line now than before the COVID-19 pandemic, but counsel still would retrieve

11 only an incomplete state-court record. The availability of dockets on-line thus does not change

12 the court's decision to grant Banda leave to file a second amended petition.

13 **V.     Conclusion**

14    IT THEREFORE IS ORDERED that petitioner's motion for equitable tolling due to

15 COVID-19 (ECF No. 15) is **DENIED**.

16    IT FURTHER IS ORDERED that petitioner's motion for leave to file notice of

17 supplemental authority (ECF No. 23) is **DENIED** as moot.

18    IT FURTHER IS ORDERED that respondents need not respond to the first amended

19 petition (ECF No. 16).

20    IT FURTHER IS ORDERED that petitioner's motion for leave to file second amended

21 petition (ECF No. 20) is **GRANTED**. Petitioner will have up to and including August 6, 2020, to

22 file a second amended petition. The court's scheduling order of August 2, 2019 (ECF No. 8)

23 otherwise remains in effect.

24    DATED:  June 3, 2020

25

26    _____
     KENT J. DAWSON
     United States District Judge

27

28

[6] https://nvcourts.gov/Supreme/News/Appendices_Are_Now_Electronically_Available/

9