UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD BANDA,<br><br>              Petitioner,<br><br>       v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>              Respondent. | Case No. 2:19-cv-00989-KJD-VCF<br><br>**ORDER** |

**I.      Introduction**

      This is a habeas corpus matter under 28 U.S.C. § 2254. Currently before the court is respondents' motion to dismiss. ECF No. 34. Petitioner Richard Banda has filed an opposition, and respondents have filed a reply. ECF No. 37, 40. The parties agree that Banda has not exhausted his state-court remedies for grounds 1, 3, and 4 of the second amended petition. The parties also agree that these grounds are procedurally defaulted because they would be dismissed due to state-law procedural bars if Banda returned to state court. The court defers consideration whether Banda can demonstrate cause and prejudice to excuse the procedural default until the briefing on the merits.

## II. Procedural History

After a jury trial, Banda was convicted of burglary, assault with a deadly weapon, and possession of a controlled substance. Ex. 16 (ECF No. 17-16). Banda appealed, and the Nevada Supreme Court affirmed. Ex. 21 (ECF No. 17-21).

Banda then filed his first state post-conviction habeas corpus petition. Ex. 24 (ECF No. 17-24). The state district court did not appoint counsel, and it denied the petition. Ex. 26 (ECF No. 17-26). Banda filed a notice of appeal. Ex. 27 (ECF No. 17-27). The Nevada Supreme Court dismissed the appeal. Ex. 28 (ECF No. 17-28).

Banda then filed his second state post-conviction habeas corpus petition. Ex. 72 (ECF No. 36-12). The state district court denied the petition. Ex. 80 (ECF No. 36-20). Banda appealed, and the Nevada Supreme Court affirmed. Ex. 88 (ECF No. 36-28). It held that the petition was procedurally barred as successive because Banda previously had filed a post-conviction petition that was decided on the merits. Id. It also held that the petition was procedurally barred as an abuse of the writ because Banda raised claims new and different from the claims that he had raised in his previous petition. Id.

Before Banda filed his second state post-conviction petition, he commenced this action. The court appointed the Federal Public Defender to represent him. Banda filed a counseled protective first amended petition. ECF No. 16. He then filed the current counseled second amended petition. ECF No. 27.

## III. Legal Standard

### A. Exhaustion of State-Court Remedies

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

**B.     Procedural Default**

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules.  Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

A procedural default of a claim of ineffective assistance of trial counsel may be excused "where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'"  Trevino v. Thaler, 569 U.S. 413, 423 (2013) (citing Martinez v. Ryan, 566 U.S. 1, 13-16 (2012)).

## IV. Discussion

Grounds 1, 3, and 4 are claims of ineffective assistance of trial counsel. In ground 1, Banda claims that trial counsel failed to investigate witnesses who could have provided favorable testimony for the defense. In ground 3, Banda claims that trial counsel failed to assert self-defense against the charge of assault with a deadly weapon. In ground 4, Banda claims that trial counsel did not rebut the testimony of a prosecution witness by calling Banda as a witness to provide his own testimony.

The parties agree that Banda has not exhausted his state-court remedies for grounds 1, 3, and 4. Banda did not raise any claims of ineffective assistance of counsel in his first state petition. See Ex. 24 (ECF No. 17-24). In his second state petition, Banda did raise a claim of ineffective assistance of trial counsel regarding a guilty plea, but that claim is not related to grounds 1, 3, and 4. See Ex. 72 (ECF No. 36-12). The court agrees that these grounds are not exhausted.

The parties also agree that grounds 1, 3, and 4 are procedurally defaulted. They note that the state courts would apply state law procedural bars—timeliness, successiveness, and abuse of the writ—and Banda has no argument for cause and prejudice that would let the state courts excuse those procedural bars. The court agrees. Banda already has filed a second state petition, and the state courts have determined that it was procedurally barred. The court sees no reason why the state courts would rule differently on a putative third state petition.

Banda argues that he can demonstrate cause and prejudice to excuse the procedural default of grounds 1, 3, and 4 under Martinez. First, he notes that the state district court did not appoint him counsel in his post-conviction proceedings. Second, he argues that these grounds are substantial claims of ineffective assistance of trial counsel. ECF No. 37 at 5-7. The other two elements of Martinez—that the post-conviction proceedings were the initial proceedings and that Nevada requires claims of ineffective assistance of counsel be raised in the initial post-conviction proceedings—are not disputed. Respondents ask the court to defer resolution whether the claims are substantial under Martinez issue until the petition is briefed fully on the merits. ECF No. 40 at 2. The court agrees and will follow that procedure.

**V.     Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 34) is **GRANTED** in part. Grounds 1, 3, and 4 are actually unexhausted, but they are technically exhausted because they would be procedurally barred by the state courts.

IT FURTHER IS ORDERED that the court defers consideration of whether petitioner can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default of grounds 1 and 2 until after the filing of an answer and reply in this action.

It further is ordered that, within 60 days of entry of this order, respondents must file an answer addressing all claims in the amended petition on the merits under a de novo standard of review, and also addressing whether grounds 1 and 2 are barred by procedural default under federal law.

It further is ordered that petitioner will have 30 days from service of the answer within which to file a reply.

DATED:     September 7, 2021

_____
KENT J. DAWSON
United States District Judge

5